UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

THANG THANH NGUYEN,

        Petitioner,

        v.

**ORDER**
05-CV-00855HBS

ROBER ERCOLE,

        Respondent.
───────────────────────────────

On December 12, 2005, petitioner, acting *pro se*, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Docket No. 1). The petition raised nine grounds for relief, including ineffective assistance of trial counsel based on trial counsel's failure to (a) advise petitioner of the "advisability" of accepting the prosecution's plea offer, (b) object to the trial court's jury instruction in response to the jury's request for a "readback," which instructed the jury that it could convict petitioner even if it found petitioner was not the actual shooter, (c) obtain a fingerprint expert, and (d) timely assert issues related to petitioner's speedy trial (N.Y. CRIM. PROC. L. § 330.30) motion. (Docket No. 1, Appendix, "Grounds Raised in Habeas Petition, No. 8).

On February 22, 2006, petitioner filed a request to stay the petition so that he could completely exhaust the ineffective assistance of trial counsel claims raised in a N.Y. Crim.Proc.L. § 440.10 motion that he filed in New York State Supreme Court, Monroe County, on November 4, 2005, a few weeks prior to filing the

instant petition for habeas corpus relief. (Docket No. 6). The § 440.10 motion raised the following ineffective assistance of trial claims: (1) trial counsel's failure to counsel petitioner as to the advisability of accepting the prosecution's plea offer, (2) trial counsel's cumulative failures (a) to object to the trial court's response to notes from the jury and the resultant instruction related to whether petitioner could be found guilty if he was not the actual shooter, (b) to retain a fingerprint expert and to impeach Sergeant Bonsignore's fingerprint collection and analysis, and (c) to timely press the issues raised in petitioner's N.Y. Crim. Proc. L. §330.30 speedy trial motion. (Docket No. 6, Att. #1). The § 440.10 motion also raised a claim that the prosecution knowingly used the perjured testimony of Sergeant Bonsignore regarding the supposed failure to recover additional latent fingerprints from the crime scene, but petitioner's motion for a stay appears to be seeking a stay only with respect to the ineffective assistance of counsel claims. (Docket No. 6). Petitioner's motion for a stay correctly notes that the ineffective assistance of trial counsel claims raised in the § 440.10 are also raised in the petition for habeas corpus relief. (Docket No. 6).

Also pending before the Court is respondent's motion for an extension of time to file a response to the petition. (Docket No. 7).

Because petitioner completely fails to provide any reason as to why he did not completely exhaust his ineffective assistance of counsel claims in state court prior to filing the instant petition in this Court, his motion for a stay of the exhausted claims presently raised in the petition pending completion of his state

court exhaustion proceedings must be denied without prejudice to re-filing upon an adequate showing, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), that there is "good cause" for his failure to exhaust his state court remedies with respect to the ineffective assistance of trial counsel claims, that his presently unexhausted ineffective assistance of trial counsel claims are "potentially meritorious" and that he has not engaged in "dilatory litigation tactics." Rhines, 544 U.S. at 277-78.

In Rhines, the United States Supreme Court directly addressed the stay-and-abeyance approach that had been utilized by a number of the United States Courts of Appeals, including the Second, *see* Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom*. Fischer v. Zarvela, 536 U.S. 925 (2001), which allowed a district court to exercise its discretion to stay proceedings with respect to a petitioner's exhausted claims, and to dismiss without prejudice the unexhausted claims so that the petitioner could return to state court in order to exhaust the unexhausted claims and then return to the district court to reinstate the previously dismissed claims. Assuming the petitioner complied with the conditions for the stay, *i.e.*, file state court exhaustion proceedings within 30 days of entry of the stay order and return to the district court within 30 days after the completion of the exhaustion proceedings in state court, the reinstated claims could be determined to relate back to the date of the original petition for statute of limitations purposes. Zarvela, 254 F.3d at 381-82.

The Supreme Court approved the stay-and-abeyance approach but limited its use to only those situations where there was a showing of "good cause" for the

petitioner's failure to exhaust the claims in state court and that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 277. The Supreme Court stated that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. Id. at 278 (citing Lundy, 455 U.S. 509, 522 (1982) (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief")).

In the instant matter, petitioner has failed to establish the criteria for the granting of a stay as set forth in Rhines. Petitioner simply asks the Court to stay the petition to allow him to exhaust the ineffective assistance of counsel claims raised in his §440.10 motion filed shortly before he filed the petition herein. (Docket No. 6). Although providing a copy of the memorandum of law in support of his §440.10 motion (Docket No. 6, Att. #1), petitioner offers no justification for why he did not previously exhaust these claims.

Accordingly, petitioner's motion (Docket No. 6) to stay these proceedings is **DENIED** without prejudice to re-filing upon a adequate showing pursuant to Rhines, 544 U.S. at 277-78 that (1) there is good cause for petitioner's failure to exhaust the unexhausted ineffective assistance of counsel claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner

engaged in intentionally dilatory litigation tactics.  Any additional motions to stay these proceedings must be filed no later than **30 days** after petitioner's receipt of this Order.  Any motion for a stay filed after that time period will be denied, unless petitioner can establish good cause for his inability to file a renewed motion for a stay within 30 days.

Further, respondent's motion for an extension of time to file a response to the petition for habeas corpus is **GRANTED**.  Respondent must file a response to the petition, as set forth in the Court's initial order in this matter (Docket No. 5), no later than **November 10, 2006**.

So Ordered.

                                          /s/ *Hugh B. Scott*
                                        United States Magistrate Judge
                                        Western District of New York

Buffalo, New York
October 5, 2006