UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THANG THANH NGUYEN,

               Petitioner,             **ORDER**

   -vs-                                             No. 05-CV-0555(JTE)(VEB)

ROBERT ERCOLE,

               Respondent.
_____

     Petitioner Thang Thanh Nguyen ("Nguyen") has applied to the Court for appointment of counsel. *See* Docket No. 16, stating that his habeas claims "warrant full briefing by an attorney" and his "financial circumstances warrant" appointment of counsel. *Id.* (Docket No. 16).

     The Supreme Court has clearly held that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require." Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

     Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts

presented herein in light of the factors required by law as set forth by the Second Circuit in *Hodge*. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, Nguyen has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. Nguyen claims that he needs counsel because of the complexity of the claims now raised in this matter. However, Nguyen's habeas claims appear to be ones which can be addressed and reviewed solely by means of the state court records. Therefore, it does not appear at this time that Nguyen requires the assistance of counsel to present the claims raised in his habeas petition.

Based on the Court's review, Nguyen's motion for appointment of counsel (Docket No. 16) is **DENIED** without prejudice. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. *See* 28 U.S.C. § 1654.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   September 13, 2007
              Buffalo, New York.