UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THANG THANH NGUYEN,

                Petitioner,        **DECISION AND ORDER**
    -vs-                                     No. 05-CV-0555(JTE)(VEB)

ROBERT ERCOLE,

                Respondent.
_____

      On November 5, 2005, Thang Thanh Nguyen ("petitioner") filed a *pro se* petition for a writ of habeas corpus challenging his conviction following a jury trial in New York State Supreme Court (Monroe County) on charges of murder and robbery. *See* Docket No. 1. Petitioner set forth the following "Grounds Raised in Habeas Petition":

1.    The prosecution's failure to preserve fingerprint evidence deprived the defendant of the ability to effectively cross-examine the prosecution witnesses and deprived him of a fair trial.
2.    The defendant was deprived of his right to effective assistance of counsel.
3.    The seizure of the defendant in a foreign country without any extradition proceedings violated the defendant's right to due process of law[.]
4.    The sentences imposed were improper.
5.    The inclusory concurrent counts should be dismissed.
6.    The trial proof was legally insufficient and against the weight of the evidence.
7.    Nguyen was deprived of the effective assistance of appellate counsel by virtue of his appellate attorney's failure to raise three winning issues on direct appeal: (a) the trial court's accessorial liability charge which improperly changed the prosecution's theory of the case, (b) the trial court's submission of an annotated verdict sheet and (c) ineffective assistance of trial counsel, based on trial counsel's failure to object to the submission of the verdict sheet and his waiver of an accomplice liability charge.
8.    Ineffective assistance of trial counsel based on trial counsel's (a) failure to advise Nguyen as [to] the advisability of accepting the prosecution's plea offer (this claim is based on pre-trial counsel's omission) (a) [sic] failure

>   to object to the court's instruction to the jury in response to its readback, informing them that they could convict Nguyen even if they found he was not the actual shooter and actually in the home, (b) failure to obtain a fingerprint expert, and (c) failure to timely assert the issues raised in the C.P.L. § 330.30 motion [to set aside the verdict] filed on Nguyen's behalf.
> 9.   The prosecution's <u>Brady</u> violation and knowing use of perjured testimony by virtue of its presentation of Sergeant Mark Bonsignore's claim regarding the recovery of fingerprints from the crime scene.

*See* Appendix to Petition (Docket No. 1). Petitioner did not provide any further elaboration on the aforementioned claims in the Petition (Docket No. 1), and he did not file a separate memorandum of law.  Petitioner then moved for a stay holding his petition in abeyance on October 30, 2006. *See* Docket No. 10. Respondent answered the petition on November 9, 2006, asserting that grounds one, six, and nine were procedurally defaulted, and that grounds two, three, four, five, seven, and eight were all without merit. *See* Docket Nos. 12-1, 12-2. On July 9, 2007, petitioner moved to withdraw his motion for a stay. *See* Docket No. 14. This matter was transferred to the undersigned on July 22, 2007. By letter to the Court and petitioner on August 7, 2007, respondent indicated that it did not oppose petitioner's motion to withdraw his stay application.

   On August 30, 2007, petitioner filed what was docketed as an "Amended Petition for Writ of Habeas Corpus and supporting Memorandum of Law." *See* Docket No. 18. However, petitioner had not sought and obtained permission to file an amended petition. Where, as here, respondent has answered the petition, a petitioner may not file an amended habeas petition as a matter of right. *See* FED. R. CIV. P. 12(a)(1) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and

leave shall be freely given when justice so requires. . . ."). The Court therefore must construe petitioner's "Amended Petition" (Docket No. 18) as containing a request to amend to his habeas original petition.

Petitioner's "Amended Petition" (Docket No. 18) is a memorandum of law consisting of argument regarding three points, which appear to be identical to grounds seven, eight and nine raised in the original petition. In the "Amended Petition" (Docket No. 18), petitioner did not include any argument regarding grounds one through six of the original habeas petition. Therefore, the Court presumes that petitioner has abandoned them and no longer intends to pursue grounds one through six in his "Amended Petition." However, petitioner has included new assertions that trial counsel was ineffective in (1) failing to "expose a key prosecution witness' perjury" (*i.e.*, Sergeant Mark Bonsignore), (2) failing to object to hearsay by an unidentified witness, and (3) failing to request "an accomplice liability charge". *See* "Amended Petition" at 47 (Docket No. 18). The Court must determine whether petitioner properly may amend his petition to include these additional arguments based on trial counsel's alleged ineffectiveness.

Where, as here, a petitioner seeks to add new claims to his habeas petition once the statute of limitations under 28 U.S.C. § 2244(d)(1) has expired, the petitioner is required to show that the amendments "relate back" to the claims in the original petition. FED. R. CIV. P. 15(c); *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000). Unless these claims "relate back" to the original petition, they are untimely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1): Petitioner's conviction became final in 2004, and the "Amended Petition" was not filed until August 2007.

An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence set forth" in the original petition. FED. R. CIV. P. 15(c)(2). In making this determination, the court must find that the original petition "gave the defendant fair notice of the newly alleged claims." *Fama*, 235 F.3d at 816 (citing *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir. 1998)). In *Mayle v. Felix*, 545 U.S. 644, 656 (2005), the Supreme Court rejected the proposition that a petitioner's "trial, conviction, or sentence" constitute the "conduct, transaction, or occurrence" contemplated by FED. R. CIV. P. 15. To hold otherwise would mean that all proposed amendments would "relate back" for purposes of FED. R. CIV. P. 15(c): "[V]irtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* at 657 (citation omitted). Instead, the Supreme Court held, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* A proposed amendment, however, will not "relate back" to the date of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566.

Accordingly, it is hereby **ORDERED** that respondent is directed to file a response to petitioner's "Amended Petition" (Docket No. 18), specifically addressing whether the proposed new claims are exhausted, whether they are subject to any state-court procedural defaults, and whether they "relate back" to the claims in the original petition for purposes of FED. R. CIV. P. 15(c). Respondent should also address the merits of these proposed amended claims. Petitioner may file a reply brief should he chose to do so.

It is further **ORDERED** that respondent's opposition papers are due thirty (30) days from the date of this Order, and petitioner's reply papers are due thirty (30) days from the date of his receipt of respondent's opposition regarding his request to file an amended petition.

It is further **ORDERED** that petitioner's motion to withdraw his motion for a stay (Docket No. 14) is **GRANTED.**

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   October 24, 2007
         Buffalo, New York.